# EXHIBIT A

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

CASE NO.:

SHAMEAL HERNANDEZ,

    Plaintiff,

v.

WALMART, INC.,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, SHAMEAL HERNANDEZ (hereinafter referred to as "Plaintiff"), by and through the undersigned attorneys, and hereby sues the Defendant, WALMART, INC. (hereinafter referred to as "Defendant"), and alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs and interest. (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff was and is a resident of Lee County, Florida and was and is *sui juris*.

3. At all times material hereto, the Defendant was a business registered to operate in the state of Florida and maintained a property for the regular transaction of its business in Lee County, Florida.

4. At all times material hereto, the Defendant was in exclusive possession, custody, and control of the property located at 4770 Colonial Blvd, Fort Myers, FL 33966.

5. At all times material hereto, Defendant was the owner and in possession of that certain business located at 4770 Colonial Blvd, Fort Myers, FL 33966, open to the general public, including the Plaintiff herein.

6. At all times material hereto, the Defendant expressly assumed responsibility for the maintenance and cleanliness of the aforementioned premises and had a duty to maintain same in a reasonably safe condition for the use of business invitees and guests.

7. Venue is proper in this Court as the Defendant conducts its business operations within Lee County, Florida and the incident giving rise to this action occurred in Lee County, Florida.

## FACTS GIVING RISE TO CAUSE OF ACTION

8. On or about March 6, 2021, Plaintiff visited Defendant's premises located at the above address as a business invitee and/or guest on the Defendant's premises as indicated above.

9. At said time and place, Plaintiff was lawfully upon the premises of the Defendant, who owed Plaintiff a nondelegable duty to exercise reasonable care for her safety.

10. This premises was, at that time and continues to be, in the custody of, and operated by, the Defendant.

11. At that time and place, Plaintiff suddenly and without warning slipped and fell due to a wet wipe on the floor.

12. As a result of the fall, Plaintiff sustained bodily injury.

## COUNT I - PREMISES LIABILITY AS TO WALMART, INC.

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 12 above as though they had been set forth herein and further states:

13. At all times material hereto, the Defendant by and through its employees, agents, and assigns, had a non-delegable duty to Plaintiff, as its business invitee, to maintain its premises in a reasonably safe condition, and to protect Plaintiff from dangers or defects about which the Defendant was or should have been aware, through the use of ordinary and reasonable care. The Defendant breached its duty to Plaintiff by committing one or more of the following acts or omissions:

a. Negligently failing to maintain or adequately maintain the chip aisle area's flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b. Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c. Negligently failing to inspect or adequately inspect the chip aisle area's flooring, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing said chip aisle area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d.  Negligently failing to inspect or adequately warn the Plaintiff of the danger of the chip aisle area's flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e.  Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the chip aisle area's flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f.  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the chip aisle area's flooring for dangerous conditions;

g.  Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the chip aisle area's flooring for dangerous conditions;

h.  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i.  Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the chip aisle area's flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j.  Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k. Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises;

l. Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m. Negligently failing to act reasonably under the circumstances;

n. Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o. Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

14. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a wet wipe on the floor of the chip aisle area, sustaining significant personal injuries.

15. As a direct and proximate result of the Defendant's negligence as alleged above, Plaintiff suffered injury including a permanent injury to the body as a whole, including but not limited to pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, activation of a latent condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings in the past, and loss of ability to earn money in the future. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiff, SHAMEAL HERNANDEZ, demands judgment in her favor against the Defendant, WALMART, INC., in excess of the minimum jurisdictional limits of this Court for compensatory damages, including incidental and consequential damages, post-judgement interest, costs, attorney's fees, and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, SHAMEAL HERNANDEZ, demands trial by jury on all issues triable as of right by jury.

## COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, WALMART, INC.

16. Plaintiff reasserts and realleges the allegations contained within paragraphs 1 through 12 as if fully set forth herein.

17. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

18. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

19. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a. Negligently failing to maintain or adequately maintain the chip aislearea's flooring, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

6

b. Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c. Negligently failing to inspect or adequately inspect the chip aisle area's flooring, as specified above, to ascertain whether the store's floor, which was poorly maintained, constituted a hazard to patrons utilizing said chip aisle area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d. Negligently failing to inspect or adequately warn the Plaintiff of the danger of the chip aisle area's flooring, when Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

e. Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the chip aisle area's flooring, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f. Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the chip aisle area's flooring for dangerous conditions;

g. Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the chip aisle area's flooring for dangerous conditions;

h. Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

  i. Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the chip aisle area's flooring despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

  j. Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

  k. Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the flooring of the subject premises;

  l. Negligently failing to assign specific associates/employees to the task of solely monitoring the floor in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/chip aisleing the premises during the COVID-19 pandemic as safety precautions;

  m. Negligently failing to act reasonably under the circumstances;

  n. Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

  o. Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

8

p.  Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

20. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on a wet wipe on the floor of the chip aisle area, sustaining significant personal injuries.

21. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, SHAMEAL HERNANDEZ, demands judgment in her favor against the Defendant, WALMART, INC., in excess of the minimum jurisdictional limits of this Court for compensatory damages, including incidental and consequential damages, post-judgement interest, costs, attorney's fees, and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, SHAMEAL HERNANDEZ, demands trial by jury on all issues triable as of right by jury.

By: Jessica Orenstein, Esq.
Florida Bar Number:  127182
MORGAN & MORGAN, P.A.
*Attorneys for Plaintiff*
703 Waterford Way, Suite 1050
Miami, FL 33126
Telephone: (786) 598-5563
Facsimile:  (786) 598-5583
jorenstein@forthepeople.com
yiseldiaz@forthepeople.com

9